# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHARLES C. MCPHERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 3:20-cv-00384** |
| | ) | |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE NEWBERN** |
| **VIGNOBLES SULLIVAN, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Defendant Vignobles Sullivan LLC's Partial Motion to Dismiss (Doc. No. 12) seeking to dismiss Plaintiff's defamation claim. Plaintiff Charles C. McPherson filed a response (Doc. No. 16) and Defendant filed a reply (Doc. No. 19).

## I. BACKGROUND

The instant motion seeks dismissal of Plaintiff's defamation claim. The Court, therefore, limits its discussion of the facts alleged to those relevant to that claim.

As alleged in the Amended Complaint (Doc. No. 9) Plaintiff worked as President of Vignobles Sullivan, LLC ("Vignobles"), a wine importer, for approximately eleven months in 2019. (*Id*., ¶¶ 13, 40). Plaintiff was fired, without explanation, on November 14, 2019. (*Id*., ¶¶ 40, 41). On or about November 14, 2019, Tom Sullivan, owner of Vignobles, told Andrew Trottier, a Vignobles regional sales manager, that Plaintiff had been "dishonest" with him. (*Id*., ¶¶ 7, 23, 47). Plaintiff alleges, "In the relatively small wine import business … the publication of [his] abrupt termination and that he had been dishonest with Tom Sullivan significantly damages [his] reputation and has adversely affected his ability to obtain other roles in the industry." (*Id*., ¶ 48). Since his termination, Plaintiff has "had trouble reaching" at least one wholesale distributor with

whom he had previously done business and has generally "struggled to rebuild" relationships with distributors and other businesses within the wine industry. (*Id.*, ¶¶ 49, 50).

Plaintiff filed this case asserting a number of claims arising out of his employment with Vignobles, including a claim for defamation that is at issue here.

## II.    STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not

entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed under Rule 12(b)(6). *Id*. at 683.

### III.    ANALYSIS

To plead defamation, the plaintiff must allege that (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other or with reckless disregard for the truth of the statement; or (3) with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999) (citing Restatement (Second) of Torts § 580 B (1977)). "In Tennessee, communications among agents of the same corporation made within the scope and course of their employment relative to duties performed for that corporation are not to be considered as statements communicated or publicized to third persons.". *Sikoski v. Eaton Leaonard USA*, No. 3:05-0641, 2005 WL 3079075 at *1 (M.D. Tenn. Nov. 16, 2005) (dismissing defamation claim when plaintiff did not allege statements were communicated to anyone outside the defendant corporation).  "It is well-settled that no publication occurs when only intra-corporate communications exist as evidenced by the Tennessee Supreme Court stating, 'it is announced that communication between officers and agents of a corporation … is not publication of a libelous matter." *Siegfried v. Grand Krewe of Sphinx*, No. W2002-02246-COA-R3-CV, 2003 WL 22888908, at *2 (Tenn. Ct. App. Dec. 2, 2003). "The rationale behind such a rule is that publication requires 'the communication of a defamatory matter to a third person' and

3

'communication among agents of the same corporation … are not to be considered as statements communicated or publicized to third persons.'" *Id*. (quoting *Sullivan*, 995 S.W.2d at 572).

Plaintiff acknowledges that the intra-corporate communication from Sullivan to Trottier does not constitute publication for purposes of his defamation claim. (Doc. No. 16 at 3, n.1). He argues, however, that "a court can infer from his allegations that an agent of Vignobles has published to third parties that [he] was abruptly terminated because of his dishonesty, which is false."

The relevant allegations in the Amended Complaint are as follows:

> 47. On or about November 14, Andrew Trottier told McPherson that Sullivan had informed him that McPherson has been "dishonest" with Tom. This statement was false.

> 48. In the relatively small wine import business, which is built on relationships, publication of McPherson's abrupt termination and that he had been dishonest with Tom Sullivan significantly damages McPherson's reputation and has adversely affected his ability to obtain other roles in the industry.

(Am. Compl., Doc. No. 9). Plaintiff repeats these allegations in the defamation charge with slight alterations:

> 87. On or before November 14, Sullivan told Andrew Trottier that McPherson had been dishonest with Sullivan.

> 90. In the relatively small wine import business, which is built on relationships, publication of McPherson's abrupt termination, coupled with the false statement to McPherson's replacement that McPherson was dishonest, has significantly damaged McPherson's reputation and has adversely affected his ability to obtain other roles in the industry.

> 92. VS has published false statements about McPherson's character within the wine industry with the knowledge that the statement was false and defamatory, or with reckless disregard for the truth of the statement or negligence in failing to ascertain the truth of the statement.

(*Id*.).

These allegations are insufficient to allege Defendant published a false statement to third parties. While Plaintiff has clearly alleged that Sullivan told Trottier that Plaintiff was "dishonest," the Court cannot infer from the allegations in the complaint that the alleged defamatory statement was communicated outside the company. Plaintiff has alleged that Empire Distributors learned of his termination, perhaps even his "abrupt" termination, but he does not allege that the fact of his termination was false. The threadbare recitation of the elements of the cause of action – that Defendant "published false statements about McPherson's character with the wine industry with knowledge that the statement was false and defamatory" – is insufficient under the standard articulated in *Iqbal* to state a claim for defamation. 556 U.S. at 678. Accordingly, Plaintiff's defamation claim will be dismissed. *See Woods v. Helmi*, 758 S.W.2d 219, 223 (Tenn. Ct. App. 1988) ("It is an elementary rule in this state that publication is an essential element of a libel action without which a complaint must be dismissed.").

The cases cited by Plaintiff do not compel a different result. In each of these cases the plaintiff has alleged facts showing publication to a third-party. *Bohler v. City of Fairview*, Case No. 3:17-cv-1372 (M.D. Tenn. Nov. 5, 2018) (former police officers published allegedly false statements about the plaintiff in affidavits as part of litigation regarding their termination from the police department); *Lagan v. Windle*, Case No. 2:19-cv-50, 2020 WL 2494457 (M.D. Tenn. May 13, 2020) (statements that defendant was an "Irish gangster" and "thief" who "should be prosecuted" were published online and in a newspaper); *Natali v. Wells Fargo Bank, Nat. Ass'n*, No. 3:12-cv-1281, 2013 WL 1873360 (M.D. Tenn. May 3, 2013) (plaintiff alleged her former manager made false statements to her subsequent employer that resulted in her termination); *Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp., LLC*, No. 3:12-cv-559, 2013 WL 785938 at *8 (M.D. Tenn. Feb. 28, 2013) (statements suggesting defendants were involved in "criminal

activities as well as deceptive and fraudulent business practices" were published in a letter and email sent to "timeshare owners").

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's claim for defamation (Count Five) will be **DISMISSED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE