UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES C. McPHERSON,  Plaintiff,  v.  VIGNOBLES SULLIVAN, LLC,  Defendant. | Case No. 3:20-cv-00384  Judge Eli J. Richardson  Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

Before the Court in this employment discrimination action is Defendant Vignobles Sullivan, LLC's (VS) motion to compel non-party John Nichols Psychotherapy to produce documents in compliance with a subpoena issued by this Court. (Doc. No. 34.) John Nichols, who is not represented by counsel, has responded in opposition to the motion to compel[1] (Doc. No. 48), and VS has filed a reply[2] (Doc. No. 54). Plaintiff Charles C. McPherson does not oppose VS's motion.

For the reasons that follow, VS's motion to compel Nichols to comply with the subpoena will be granted.

I.  **Relevant Background**

This action arises out of VS's termination of McPherson's employment in November 2019. (Doc. No. 37.) McPherson seeks compensatory and punitive damages; back pay, front pay, and

---

[1] Nichols wrote the Court a letter responding to VS's motion to compel (Doc. No. 48), and the Court construes that letter as Nichols's response in opposition to the motion.

[2] VS filed a "Response to John Nichols['s] Letter" which the Court construes as a reply in support of its motion to compel. (Doc. No. 54, PageID# 783.)

other equitable relief; costs and expenses; and "[s]uch other and further relief to which [he] may be entitled." (*Id.* at PageID# 302.) McPherson has clarified in discovery that the relief he seeks includes "[a]ctual damages for . . . mental anguish and suffering." (Doc. No. 54-1, PageID# 790.)

Nichols is a licensed professional counselor practicing in Brentwood, Tennessee, whom McPherson identified in discovery responses as someone he saw for treatment or counseling, including treatment or counseling after VS terminated his employment. (Doc. Nos. 48, 54-2.) VS notified McPherson of its intent to serve Nichols with a subpoena for documents and provided McPherson with a copy of the subpoena. (Doc. No. 54-4.) VS's counsel then issued a subpoena directing John Nichols Psychotherapy to produce copies of medical records related to Nichols's diagnosis and treatment of McPherson from January 2015 onward and deliver them to VS's counsel's office in Nashville. (Doc. No. 34-1.) VS delivered a copy of the subpoena to Nichols via certified mail. (Doc. No. 45.) VS included with the subpoena an authorization for the release of the requested medical records signed by McPherson and a cover letter asking Nichols to "[p]lease mail or email" the requested copies of medical records to VS's counsel. (Doc. No. 34-1, PageID# 231.)

VS's counsel states that he sent Nichols "a follow-up letter via certified mail" (Doc. No. 45, PageID# 378, ¶ 2). Nichols responded by email several months later and asked for correspondence to be mailed to his new business address (Doc. No. 45). On the same day, VS's counsel sent "another follow-up letter via certified mail" "includ[ing] copies of all previous correspondence" to Nichols's new address, and someone at that address signed for the letter (*id.* at ¶ 4). VS's counsel spoke to Nichols by telephone shortly thereafter, and "Nichols indicated that he would produce the requested documents the following day" (*id.* at PageID# 379, ¶ 5). Nichols did not do so (Doc. No. 45). VS then filed the present motion to compel Nichols to comply with the subpoena and

2

produce the requested medical records. (Doc. No. 34.) In its motion, VS argues that Nichols "did not object to the subpoena" within the time period provided by Federal Rule of Civil Procedure 45 and "cannot object to the subpoena . . . at this time, as any objections would be waived as untimely." (*Id.* at PageID# 229, ¶ 12.)

After receiving VS's motion, the Court ordered VS to "demonstrate that it ha[d] properly served [Nichols] with the motion to compel . . . ." (Doc. No. 38.) VS filed a delivery receipt from the U.S. Postal Service showing that a package addressed to Nichols was delivered via certified mail several days after the Court's order. (Doc. No. 39.) VS's counsel later filed a declaration stating that this package included "a copy of all documents, including a copy of the Court's March 17, 2021 Order[.]" (Doc. No. 45, PageID# 379, ¶ 9.)

When Nichols did not file a timely response to VS's motion, the Court ordered Nichols to respond. (Doc. No. 46.) The Court then received a letter from Nichols in which he states that he "take[s] seriously [his] obligation to keep confidential what [his] clients share with [him]" and is "concern[ed] . . . that handing over [his] therapy notes may have unforeseeable adverse consequences to [his] therapeutic relationship [with McPherson], [McPherson's] willingness to continue therapy in the future and, most importantly, [ ] McPherson's mental health." (Doc. No. 48, PageID# 512.) VS filed a response to Nichols's letter, arguing that confidentiality is not a valid reason for refusing to comply with the subpoena because McPherson has put his emotional state at issue in this action and has expressly consented to production of the requested medical records. (Doc. No. 54.)

II.     **Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may generally "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope

of discovery need not be admissible in evidence to be discoverable." *Id.* Discovery may be obtained from non-parties, including through the use of a subpoena to produce documents under Rule 45. Specifically, Rule 45(a) provides that a clerk of court or an attorney authorized to practice in that court may issue and sign a subpoena directed to a person who is not a party to a lawsuit commanding the person to produce documents, electronically stored information, or tangible things in the person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)–(3).

Rule 45(b)(1) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. updated Apr. 2021). However, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." *Id.* The Sixth Circuit has not addressed the issue, and other courts in this district have observed that "there does appear to be a split of authority, with some courts requiring personal service of a Rule 45 subpoena to a non-party and other courts finding that personal service is not required." *Gist v. Pilot Travel Ctrs., LLC*, No. 3:10-mc-0095, 2011 WL 4055788, at *2 n.1 (M.D. Tenn. Sept. 12, 2011) (collecting cases).

Rule 45(d)(2)(B) provides that "[a] person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to . . . copying . . . any or all of the materials" and that such objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "If an objection is made," the party serving the subpoena may, "[a]t any time, on notice to the commanded person, . . . move the court for the district where compliance is required for an order

4

compelling production . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i). "[T]he order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Rule 37(a)(1) also provides that "a party may move for an order compelling . . . discovery," including an order compelling discovery from a nonparty. Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to [compel discovery from] a nonparty must be made in the court where the discovery is or will be taken."); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) (holding that "the Federal Rules provide that a motion to compel discovery or disclosure by a nonparty must be made to the court in the district where the discovery is being taken"). Finally, Rule 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

**III.     Analysis**

As a threshold matter, the record shows that Nichols was not personally served with the subject subpoena. Counsel for VS states that, "[o]n September, 4, 2020, [VS] issued a subpoena . . . on John Nichols Psychotherapy . . . via certified mail at his listed address" (Doc. No. 45, PageID# 378, ¶ 1), but the certified mail receipt VS filed for that mailing is unsigned (Doc. No. 34-1). VS's counsel states that VS sent another copy of the subpoena to Nichols at his new business address via certified mail. (Doc. No. 45.) The receipt for that mailing was signed by an individual named Christine Arnold. (Doc. No. 45-1.) There is no indication of Christine Arnold's relationship to John Nichols Psychotherapy or whether she is authorized to accept service on its behalf. Accordingly, it is not clear from this evidence that VS's service of the subpoena on Nichols was procedurally proper. However, based on VS's counsel's sworn statements regarding email and telephone correspondence with Nichols about the subpoena (Doc. No. 45) and Nichols's letter to

the Court concerning VS's request for documents (Doc. No. 48), it appears that Nichols actually received the subpoena. There is also no indication that Nichols has been prejudiced by the method of service. Under these circumstances, "it is appropriate for the court to overlook any technical deficiencies and explore the merits of the discovery request." *Gist*, 2011 WL 4055788, at *2 n.1.

Nichols did not serve VS with written objections to the subpoena within the time frame provided by Rule 45(d)(2)(B). He did, however, respond in opposition to VS's motion to compel (Doc. No. 48), and VS has had an opportunity to address Nichols's response (Doc. No. 54). The Court therefore finds VS's motion ripe for decision.

Nichols's basis for not providing the requested records is his concern about preserving the confidentiality of his notes regarding McPherson's therapy sessions. (Doc. No. 48.) In other words, Nichols asserts that these notes are privileged and therefore not discoverable. The Supreme Court has held that, under the "psychotherapist-patient privilege[,]" "confidential communications between a licensed psychotherapist and [his or] her patients in the course of diagnosis or treatment are protected from compelled disclosure . . . ." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). However, "[l]ike other testimonial privileges, the patient may of course waive the protection." *Id.* at 15 n.14. The record shows that McPherson has waived the psychotherapist-patient privilege with respect to Nichols's therapy notes and records. McPherson signed an authorization for release of medical records and information authorizing "all health care providers that have provided services to" him "to disclose, release, and give . . . information" to VS's counsel "including notes . . . concerning . . . psychiatric or psychological treatment, counseling, history, and diagnosis, medical, psychiatric, and psychological prognosis, . . . or other similar information or documentation pertaining to services rendered to [McPherson] . . . ." (Doc. No. 34-1, PageID# 236.) Because the privilege is McPherson's to waive, and because McPherson has done so, Nichols's notes and other

6

records regarding McPherson's therapy appointments are no longer protected from disclosure on that basis.

The subpoenaed medical records are relevant to McPherson's claim for damages for mental anguish and suffering in this action. Relevant evidence in the discovery context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401). Courts in this circuit generally find that medical records are relevant to claims for emotional distress or mental anguish. *See, e.g.*, *Petty v. Bluegrass Cellular, Inc.*, No. 3:19-CV-00193, 2021 WL 1235266, at *9 (W.D. Ky. Apr. 2, 2021) (finding that "[i]nformation concerning [plaintiff's] mental health [was] relevant and discoverable" where plaintiff sought "emotional distress damages"); *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 468 (S.D. Ohio 2015) (finding that plaintiff's "medical records [were] relevant to her claim for emotional distress damages"); *Noble v. Ruby Tuesdays Rests., Inc.*, No. 2:06-CV-259, 2007 WL 3125131, at *2 (S.D. Ohio Oct. 23, 2007) ("Plaintiff's medical records are relevant to any claim for emotional distress or mental anguish."). VS is therefore entitled to discovery of the requested medical records under the Federal Rules. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

**IV.     Conclusion**

Accordingly, VS's motion to compel Nichols to comply with the subpoena for McPherson's medical records (Doc. No. 34) is GRANTED.

Nichols is ORDERED to produce copies of the requested medical records to VS's counsel by March 30, 2022. If Nichols fails to do so and VS still seeks the requested records, VS may file a motion to hold Nichols in contempt under Rule 45(g).

The Clerk of Court is DIRECTED to mail a copy of this Memorandum Order to Nichols at: John Nichols Psychotherapy, Thrive Wellness Groups Building, 5400 Maryland Way, Suite 100, Brentwood, TN 37027.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge